CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 03 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 5:05CR00038 |
| | ) | (Case No. 5:10CV80287) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| FIDEL ANGEL CHICAS-HERNANDEZ, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

The defendant, a federal inmate, brings this motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the record, the court finds that the motion is untimely and will accordingly dismiss it.[1]

## Background

Fidel Angel Chicas-Hernandez (Hernandez) pleaded guilty in this court, pursuant to a written plea agreement, to one count of conspiracy to distribute 500 or more grams of methamphetamine. The plea agreement advised Hernandez that the conspiracy count carried a mandatory minimum sentence of ten years. The agreement also indicated that Hernandez had been informed by counsel of the elements of the offenses that the government would have to prove in order to convict him on both charges; that he was pleading guilty because it was in his best interests to do so and not because of any threats or promises; that the government would recommend that he receive a three-point reduction in his offense level for accepting responsibility by pleading guilty if his offense level under the sentencing guidelines was 16 or

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

greater; and that he waived his right to appeal or bring a collateral attack on the judgment or sentence, pursuant to § 2255. The agreement stated that Hernandez and the government agreed that the conspiracy involved between 1.5 and 5 kilograms of methamphetamine for sentencing purposes. Hernandez, by initialing each page of the plea agreement and signing it at the end, indicated his full understanding and acceptance of the terms of this agreement.

The magistrate judge questioned Hernandez about his guilty plea and the plea agreement, and was satisfied by his answers to the court, under oath, that he understood the terms of the agreement, the elements of the charges against him, and the consequences of his guilty plea, and that he was voluntarily pleading guilty to the conspiracy charge. The magistrate judge issued a report and recommendation, stating his findings that the guilty plea was knowing and voluntary. Hernandez filed no objection to the report and recommendation, and by order entered February 22, 2006, the court accepted the report and adjudged Hernandez guilty.

The court conducted a sentencing hearing on April 17, 2006. Finding that Hernandez had a total offense level of 29 and a criminal history category I, the court calculated the sentencing range at 87 to 108 months, and sentenced him to 90 months imprisonment. Hernandez did not appeal his conviction or sentence.

Hernandez signed and dated his § 2255 motion on September 22, 2010,[2] alleging that: his his sentence is too high, because the court failed to consider his status as a deportable alien as a mitigating factor; his sentence was disproportionately high compared to the sentences of

---

[2] An inmate's § 2255 motion is considered filed on the date when he signs the motion and delivers it to prison authorities for mailing to the court. See Rule 3(d) of the Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988) (finding that prisoner pleadings are considered filed on date delivered to prison authorities for mailing).

American defendants; and the court erred in failing to explain how his sentence was reasonable under all the factors in 18 U.S.C. § 3553(a). Hernandez also asserts that he waited to file his § 2255 motion because "he always believed that his attorney had filed his notice of appeal."

The court filed the § 2255 motion conditionally, notified Hernandez that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised Hernandez that he had failed to "provide any details about whether he told his attorney to file a notice of appeal, why he believed his attorney would file a notice of appeal, why he wanted to appeal, or how or when he discovered that no appeal had been filed." (DE 161 at 2.) The time allotted for Hernandez's response on timeliness has expired, and the court has had no further communication from the defendant.

## Discussion

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. See United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Judgment was entered against Hernandez on April 19, 2006. Because he did not appeal the judgment, his conviction became final on May 3, 2006, when his opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A) (2008).[3] He then had one year–until May 3, 2007–in which to file a timely § 2255 motion. As he filed his § 2255 motion, at the earliest, on September 22, 2010, his motion is untimely under § 2255(f)(1).

Hernandez appears to argue, as indicated, that his motion should be deemed timely, based on his personal belief that counsel had filed an appeal. If the defendant asked counsel to appeal, reasonably believed that counsel had appealed, and then only later learned that no appeal had been filed, the filing deadline for his § 2255 motion would begin running when he discovered, or reasonably should have discovered, that no appeal had been filed. § 2255(f)(4). However, Hernandez offers no late-discovered facts related to any of his claims from which his one-year filing period could be calculated under § 2255(f)(4).

---

[3] At the time the judgment was entered in this case–April 2006, the Federal Rules of Appellate Procedure required a notice of appeal in a criminal case to be filed within ten business days after entry of the judgment. Pursuant to amendments effective December 1, 2009, Rule 4(b)(1) now requires that a notice of appeal be filed within 14 calendar days from entry of judgment.

The court specifically advised Hernandez that he had failed to state any facts concerning his alleged belief that counsel had filed an appeal, and granted him an opportunity to provide such facts. He has failed to do so. Accordingly, court cannot find any ground on which the filing deadline in Hernandez's case could be calculated under § 2255(f)(4).

Hernandez also appears to argue that his § 2255 motion should be deemed timely because he relies on two decisions that the United States Supreme Court issued after he was sentenced: Gall v. United States, 552 U.S. 38 (2007) and Rita v. United States, 551 U.S. 338 (2007). Hernandez did not file his § 2255 motion within one year from the issuance of these decisions, however. Therefore, his reliance on these cases does not provide ground on which to calculate his federal filing period under § 2255(f)(3). Similarly, he fails to demonstrate any ground on which his § 2255 motion was timely filed under §§ 2255(f)(2), which requires a showing of a governmental impediment that prevented the defendant from timely filing his § 2255 motion.

In short, Hernandez fails to offer specific facts demonstrating any reason he failed to bring his § 2255 claims within the time required under § 2255(f). Accordingly, the court finds no ground on which to deem his motion timely under this statute or on which equitable tolling should apply in his case. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

## Conclusion

In accordance with the foregoing, the court concludes that the defendant's § 2255 motion is untimely filed and must be summarily dismissed, pursuant to § 2255(f). An appropriate order will issue this day.

The defendant is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). The defendant has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If the defendant intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 3rd day of November, 2010.

_____
Chief United States District Judge